UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONAH HERTZ, Trustee of the JONAH HERTZ FAMILY 2012 TRUST, <br><br> Plaintiff, <br><br> v. <br><br> IBERIABANK CORPORATION, WILLIAM H. FENSTERMAKER, E. STEWART SHEA III, HARRY V. BARTON, JR., ERNEST P. BREAUX, JR., DARYL G. BYRD, JOHN N. CASBON, J. MICHAEL KEMP, SR., JOHN E. KOERNER III, RICK E. MAPLES, and ROSA SUGRAÑES, <br><br> Defendants. | Case No. 20-267 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## BACKGROUND

1. This action concerns a proposed transaction announced on November 4, 2019, pursuant to which Iberiabank Corporation ("Iberiabank" or the "Company") will be acquired by First Horizon National Corporation ("First Horizon").

2. On November 3, 2019, Iberiabank's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with First Horizon, pursuant to which Iberiabank's stockholders will receive 4.584 shares of First Horizon common stock for each share of Iberiabank common stock they own.

3. On December 31, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") and sent same to stockholders of Iberiabank.

4. The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Iberiabank will merge with and into First Horizon, resulting with First Horizon surviving the merger (the "Proposed Transaction").

5. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act and 28 U.S.C. §1331 because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

7. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

9. Plaintiff is, and has been continuously throughout all times relevant hereto, the

owner of Iberiabank common stock. Plaintiff is a resident of this District.

10. Defendant Iberiabank is a Louisiana corporation and a party to the Merger Agreement. Iberiabank's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "IBKC."

11. Defendant William H. Fenstermaker is Chairman of the Board of the Company.

12. Defendant E. Stewart Shea III is Vice Chairman of the Board of the Company.

13. Defendant Harry V. Barton Jr. is a director of the Company.

14. Defendant Ernest P. Breaux, Jr. is a director of the Company.

15. Defendant Daryl G. Byrd is President, Chief Executive Officer, and a director of the Company.

16. Defendant John N. Casbon is a director of the Company.

17. Defendant J. Michael Kemp, Sr. is a director of the Company.

18. Defendant John E. Koerner III is a director of the Company.

19. Defendant Rick E. Maples is a director of the Company.

20. Defendant Rosa Sugrañes is a director of the Company.

21. The defendants identified in paragraphs 11 through 20 are collectively referred to herein as the "Individual Defendants."

## FACTS

22. Iberiabank is a financial holding company with locations in New York, Louisiana, Florida, Texas, Missouri, Arkansas, Tennessee, Alabama, Georgia, South Carolina, North Carolina, and Mississippi offering commercial, private banking, consumer, small business wealth and trust management, retail brokerage, mortgage, and title insurance services.

23. On November 3, 2019, Iberiabank's Board caused the Company to enter into the

Merger Agreement with First Horizon.

24. Pursuant to the terms of the Merger Agreement, Iberiabank's stockholders will receive 4.584 shares of First Horizon common stock for each share of Iberiabank common stock they own in an all-stock merger, which represented an at-the-market exchange ratio based on the parties respective closing stock prices on November 1, 2019.

25. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

26. As alleged herein, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

27. First, the Registration Statement omits material information regarding Iberiabank's and First Horizon's financial projections.

28. With respect to both Iberiabank's financial projections and First Horizon's financial projections, the Registration Statement fails to disclose: (a) all line items to calculate the financial projections, and (b) a reconciliation of all non-GAAP to GAAP metrics.

29. The disclosure of projected financial information is material information necessary for stockholders to gain an understanding of the basis for any projections as to the future financial performance of the combined company. In addition, this information is material and necessary for stockholders to understand the financial analyses performed by the companies' respective financial advisors rendered in support of any fairness opinion.

30. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Keefe, Bruyette & Woods, Inc. ("KBW") and Goldman Sachs & Co. LLC

("Goldman").

31. With respect to KBW's IBKC and First Horizon Selected Companies Analysis, the Registration Statement fails to disclose, as to each of the companies observed by KBW in the analysis, the individual multiples and metrics for the purported comparable companies and any benchmark analysis as to Iberiabank or First Horizon in comparison to the companies chosen.

32. With respect to KBW's Pro Forma Financial Impact Analysis, the Registration Statement fails to disclose the details as to how the Proposed Transaction would be accretive to First Horizon's 2020 and 2021 estimated earnings per share or the circumstances in which the Proposed Transaction could be dilutive to First Horizon's estimated tangible book value per share at closing as of June 30, 2020.

33. With respect to KBW's IBKC Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (a) the reasons for the assumption that Iberiabank would maintain a Tier 1 ratio of ten (10) percent, (b) the reasons for the assumption that Iberiabank's earnings would remain sufficient to support that Tier 1 ratio, (c) the reasons for applying discount rates ranging from 9.0% to 11.0%, and (d) the ranges of terminal value of Iberiabank at the conclusion of 2024.

34. With respect to KBW's First Horizon Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (a) the reasons for the assumption that First Horizon would maintain a Tier 1 ratio of ten (10) percent, (b) the reasons for the assumption that First Horizon's earnings would remain sufficient to support that Tier 1 ratio, (c) the reasons for applying discount rates ranging from 8.5% to 10.5% and why those discount rates differ from the ones used for Iberiabank, (d) the estimated excess cash flows that First Horizon could generate over the four and one half year period from the second quarter of 2020 through the

conclusion of 2024, and (e) the estimated present value of First Horizon's terminal value at the end of 2024.

35. With respect to KBW's Pro Forma Combined Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (a) the reasons for the assumption that the combined company would maintain a Tier 1 ratio of 10%, (b) the reasons for the assumption that the combined company's earnings would remain sufficient to support that Tier 1 ratio, (c) the reasons for applying discount rates for the combined companies ranging from 8.75% to 10.75%, (d) the estimated excess cash flows that the combined company could generate over the 4 and a half year period from the second quarter of 2020 through the conclusion of 2024, (e) the combined company's terminal value and the basis for that estimate, and (f) KBW's basis for applying a range of 9.5x to 11.5x the pro forma combined entity's estimated 2025 earnings.

36. With respect to Goldman's Illustrative Present Value of Future Stock Price Analysis for IBKC, the Registration Statement fails to disclose: (a) the reasons why Goldman used an illustrative price to earnings per share multiples of 10.4x and 11.4x to the estimates of the earnings per share of Iberiabank on a stand alone basis, (b) the reasons for applying a discount rate of 8.0%, and (c) how Goldman calculated the estimated dividends used by it in this analysis.

37. With respect to Goldman's Illustrative Discounted Dividend Analysis for IBKC on a Stand-Alone Basis, the Registration Statement fails to disclose: (a) the reasons for applying discount rates ranging from 7.0% to 9.0%, (b) the reasons why Goldman used an illustrative price to earnings per share multiples ranging from 10.4x to 11.4x, (c) the amount of the distributions assumed to be made to holders of Company common stock from September 30, 2019 through December 31, 2024, (d) an estimate of the terminal value for the Company and

the basis for that estimate, and (e) the total number of fully diluted shares of Company common stock outstanding.

38. With respect to Goldman's Illustrative Present Value of Future Stock Price Analysis for First Horizon on a Stand-Alone Basis, the Registration Statement fails to disclose: (a) the reasons why Goldman used an illustrative price to earnings per share multiples of 9.7x to 10.7x, (b) the reasons for applying a discount rate of 7.5%, and (c) the amount of the estimated dividends assumed by Goldman and used in its analysis.

39. With respect to Goldman's Illustrative Discounted Dividend Analysis for First Horizon on a Stand-Alone Basis, the Registration Statement fails to disclose: (a) the reasons why Goldman applied discount rates ranging from 6.5% to 8.5%, (b) the amount of the distributions assumed to be made to holders of First Horizon stock from September 30, 2019 through December 31, 2024, (c) the estimated terminal values for First Horizon, (d) Goldman's basis for applying its illustrative price to earnings per share multiples ranging from 9.7x to 10.7x, and (e) the total number of fully diluted shares of First Horizon common stock outstanding.

40. With respect to Goldman's Illustrative Present Value of Future Stock Price Analysis for IBKC Shares on a Pro Forma Basis, the Registration Statement fails to disclose: (a) Goldman's basis for applying illustrative price to EPS multiples of 10.0x to 11.0x (b) the individual inputs and assumptions underlying the discount rate of 7.75% and (c) the estimated dividends used by Goldman in the analysis.

41. With respect to Goldman's Illustrative Discounted Dividend Analysis for IBKC Shares on a Pro Forma Basis, the Registration Statement fails to disclose: (a) the individual inputs and assumptions used in selecting the discount rates applied and (b) Goldman's reasons

for applying illustrative price to earnings per share multiples ranging from 10.0x to 11.0x.

42. In addition, the Registration Statement fails to disclose the reasons why the Company accepted an all-stock merger of 4.584 shares of First Horizon stock for each one share of Iberiabank stock, at an at-the-market exchange ratio based on the parties respective closing stock prices on November 1, 2019, with no downside protection for Iberiabank stockholders should the price of First Horizon change in a material fashion.

43. Furthermore, the Registration Statement fails to disclose material information concerning potential conflicts of interest of KBW and Goldman.

44. The Registration Statement also fails to disclose the amount of compensation KBW received for the past services it provided to the Company and its affiliates.

45. The Registration Statement further fails to disclose whether Goldman has provided past services to the parties to the Merger Agreement and their affiliates, as well as the timing and nature of such services and the amount of compensation received by Goldman for providing such services.

46. Full disclosure of investment banker compensation and all potential conflicts is material information stockholders of Iberiabank are entitled to receive in deciding what weight to place on the opinions and roles played by the investment banks in the Proposed Transaction.

47. The omission of the above-referenced material information renders the Registration Statement false and misleading.

48. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## CLAIMS FOR RELIEF

### COUNT I

49. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

50. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, requires that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

51. Defendants issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

52. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. By virtue of their roles as officers and/or directors, each of the Individual Defendants were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders as required.

53. The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in preparing and reviewing the Registration Statement. Defendants

9

were also negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.

54. The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law.

## COUNT II

55. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

56. The Individual Defendants acted as controlling persons of Iberiabank within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Iberiabank, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Iberiabank, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

57. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

58. In particular, each of the Individual Defendants had direct and supervisory

involvement in the day-to-day operations of Iberiabank, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

59. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

60. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

61. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

62. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in

concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 16, 2020

**GAINEY McKENNA & EGLESTON**

By: */s/ Thomas J. McKenna*
Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor
New York, New York 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Attorneys for Plaintiff*